**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**CASE NO. 1:26-cv-00471-RLY-TAB**

ADRIANA ZIMMER,
individually and
on behalf of all others similarly situated,

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

G.L.A. COLLECTION COMPANY, INCORPORATED,

Defendant.
_______________________________________/

**FIRST AMENDED CLASS ACTION COMPLAINT**[1]

Plaintiff Adriana Zimmer brings this class action against Defendant G.L.A. Collection Company, Incorporated and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Defendant is a debt collection agency that engages in robocalling consumers without their consent.

3. Through this action, Plaintiff seeks injunctive relief and statutory damages to put

---

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). A redline version reflecting the amendments to the pleading is attached as **Exhibit A**.

an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## PARTIES

4. Plaintiff is a natural person and received all calls at issue in this matter when he was a resident of Marion County, Indiana.

5. Defendant is, and at all times relevant hereto was, a Kentucky corporation with its principal place of business in Kentucky.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

7. Defendant is subject to personal jurisdiction in Indiana because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed robocalls into Florida to persons like Plaintiff who received the calls while residing in Marion County, Indiana and who has an Indiana area code (317).

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

9. Defendant harassed Plaintiff and members of the Class with prerecorded robocalls.

10. For example, Defendant placed the following prerecorded voice message call to Plaintiff's cellular telephone on August 21, 2025:




11. Defendant placed approximately 46 prerecorded voice calls to Plaintiff's cellular telephone on the following dates: 2/28/2025; 3/7/2025; 3/20/2025; 3/28/2025; 4/9/2025; 4/17/2025; 4/25/2025; 5/8/2025; 5/22/2025; 5/31/2025; 6/11/2025; 6/19/2025; 6/25/2025; 7/3/2025; 7/9/2025; 7/16/2025; 7/23/2025; 7/31/2025; 8/6/2025; 8/14/2025; 8/21/2025; 8/27/2025; 9/3/2025; 9/10/2025; 9/25/2025; 10/8/2025; 10/16/2025; 10/24/2025; 10/31/2025; 11/12/2025; 11/20/2025; 11/29/2025; 12/5/2025; 12/11/2025; 12/18/2025; 12/26/2025; 1/2/2026; 1/9/2026; 1/15/2026; 1/27/2026; 2/3/2026; 2/11/2026; 2/18/2026; 2/25/2026; 3/4/2026; and 3/11/2026

12. The calls originated from telephone number 502-267-7522, which is owned and operated by Defendant, and listed on Defendant's website as its telephone number. *See* www.glacompany.com.

13. Defendant placed prerecorded voice calls to Plaintiff and the Class Members utilizing QwikDial automated dialing software that delivers prerecorded messages when the system detects a voicemail machine.

14. Plaintiff was the regular user of the cellular telephone number (ending in 7511) that received the above prerecorded message calls.

15. Defendant maintains and/or has access to outbound transmission reports for all robocalls sent to Plaintiff and the Class Members utilizing its QwikDial automated dialing

software.

16. Plaintiff and the Class Members never provided Defendant with their prior express consent authorizing Defendant to transmit prerecorded voice messages to their cellular telephones.

17. Defendant's prerecorded voice calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as:

> **TCPA Robocall Class: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls from Defendant on their cellular telephone.**

19. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

20. Given Defendant's use of automated dialing technology and its practice of harassing consumers with robocalls and without their consent, Plaintiff is informed and believes that Defendant placed prerecorded calls to telephone numbers belonging to at least 50 persons that fall within the Class. Plaintiff's estimate is supported by the numerous consumer complaints regarding the same robocalls posted on-line. *See* 800notes.com/Phone.aspx/1-502-267-7522#google_vignette. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

22. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated prerecorded calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(c) Whether Defendant is liable for damages, and the amount of such damages; and

(d) Whether Defendant violated the TCPA.

23. The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

24. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

25. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

26. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

27. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
(On Behalf of Plaintiff and the TCPA Robocall Class)

28. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendant used prerecorded messages to make non-emergency telephone calls to the

cellular telephones of Plaintiff and other members of the Class.

31. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

32. Defendant has, therefore, violated § (b)(1)(A)(iii) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

33. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages of at least $500 per call for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: May 4, 2026

Respectfully submitted,

**HIRALDO P.A.**
*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.*
Florida Bar No. 030380
246 Shore Court
Lauderdale-by-the-Sea, FL 33308
mhiraldo@hiraldolaw.com
305.336.7466
***Lead Counsel for Plaintiff***

**EISENBAND LAW, P.A.**
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1300
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792
*Attorneys for Plaintiff*